UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/20/2023
```

RICARDO VELASQUEZ,

                Plaintiff,

-against-

NC AFFILIATED JV I, LLC et al.,

                Defendants.

21-cv-3585 (MKV)

ORDER OF DISMISSAL

MARY KAY VYSKOCIL, United States District Judge:

      Plaintiff initiated this case by filing a complaint on April 22, 2021 [ECF No. 1]. Plaintiff then filed affidavits of service of the summons and complaint on Defendants [ECF Nos. 7, 8]. Thereafter, neither defendant ever filed an answer or otherwise appeared, and Plaintiff never took any action to prosecute this case.

      As such, the Court issued an Order To Show Cause dated July 18, 2022 directing Plaintiff to "file a letter explaining why this case should not dismissed for failure to prosecute and why the Court should not impose the lesser sanction of requiring Plaintiff's counsel to pay monetary fines" [ECF No. 9]. The Court specified that "**Plaintiff personally**" was "**on notice that failure to comply with court orders and to prosecute this case might result in dismissal with prejudice.**" In response to the Court's July 18, 2022 Order to Show Cause, Plaintiff's counsel filed a letter requesting "30 days" to properly serve defendants and prosecute this case [ECF No. 10]. The Court (1) granted that request, (2) directed Plaintiff to file a status letter by August 25, 2022, and (3) again warned: "Counsel and Plaintiff remain on notice that failure to comply with court orders and prosecute this case may result in sanctions, including dismissal with prejudice for failure to prosecute" [ECF No. 11]. Plaintiff never filed the required status letter or took any other action to prosecute this case.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to dismiss an action with prejudice if the plaintiff fails to prosecute the case or to comply with court orders. *See* Fed. R. Civ. P. 41(b). The Second Circuit has instructed district courts to consider the following factors before dismissing an action for failure to prosecute: (1) the duration of the plaintiff's failure to prosecute or comply; (2) whether the plaintiff was on notice that failure to prosecute or comply could result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay of the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) the possibility of imposing a sanction less drastic than dismissal. *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (*Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

The Court has carefully weighed all of these factors and concludes that dismissal is clearly warranted. Plaintiff has utterly failed to prosecute this case since filing the complaint more than two years ago. The Court has issued two prior warnings that this case might be dismissed. Plaintiff still failed to prosecute this case and failed to comply with a court order after those two warnings [ECF Nos. 9, 11]. The Court has considered the lesser sanction of requiring Plaintiff's counsel to pay monetary fines, but the threat of that lesser sanction did not prompt compliance, and Plaintiff is ultimately responsible for prosecuting his own case, which may be dismissed because of his chosen counsel's conduct. *See Link v. Wabash R. Co.*, 370 U.S. 626, 633–34 (1962). Accordingly, IT IS HEREBY ORDERED that this case is dismissed, with prejudice, for failure to prosecute pursuant to Rule 41(b).

The Clerk of Court respectfully is requested to close this case.

**SO ORDERED.**

**Date: July 20, 2023**　　　　　　　　　　　　　　　　**MARY KAY VYSKOCIL**
**New York, NY**　　　　　　　　　　　　　　　　　　　**United States District Judge**